Baldwin, J.
The controversy in this case turned upon the validity of the bond for the prison rules taken by the sheriff. The question was directly and distinctly made by the first plea, which sets forth the bond and the prisoner’s consequent admission to the prison bounds, with a special traverse of any other escape. The plaintiff’s demurrer to the plea admitted that there was no other escape, and of course the only question presented was as to the validity of the bond.
The bond is objected to on the ground that it ought to have been made payable to the sheriff and his successors in office, instead of to the sheriff and his heirs and assigns; and the reason urged is, that in the event of an escape from a succeeding sheriff the latter could not bave.assigned the bond to the creditor, as it is supposed the law contemplated. If we were to be governed by the letter of the statute, the bond could only be assigned by the .sheriff who took it, the language of the law seeming to have been framed without adverting to the fact that the escape would not always be in the time of that sheriff; but the true meaning doubtless is that the assignment shall be made by the sheriff to whom the bond is made payable. Of course, if the bond were payable to the sheriff and his successors, and the escape occurred in the time of a successor, it would be competent for the latter to assign it to the creditor. So if the escape occurs in the time of the sheriff who took the bond, it is assignable by him, whether made payable to him and his successors, or to him and his representatives, or to him alone. Whether, if made payable to him and his representatives, or to him alone, it would be assignable by him, or, in the event of his death, by his executor or administrator, after an escape from his *343 successor, I deem it unnecessary to enquire. No such * question arises in this case. The law does not prescribe to whom the bond shall be made payable; and it matters not to whom, if it performs its legal function of making the obligors responsible for the escape of the prisoner. In this case, the escape, if any, occurred in the time of the sheriff who took the bond; for it was assigned by him while sheriff to the creditor, as appears from the assignment on the bond incorporated into the plea; and it would be strange indeed if the mere possibility of an inconvenience, which in point of fact never occurred, were to have the effect of invalidating the bond, or subjecting the sheriff for an escape. Such a bond and assignment were expressly held to be good, and the surety for the bounds subjected thereupon, in the case of Meredith's adm'x v. Duval, 1 Munf. 76.
I think it extremely probable, as suggested by the counsel for the plaintiffs in error, that the objection to the bond taken in the circuit court was, that the condition does not provide for the prisoner’s return to custody at the expiration of one year from the date of the bond; and that it was sustained by the court without adverting to the circumstance that there was no law requiring such a condition prior to the act of the 25th of February 1819, 1 Rev. Code, ch. 134. § 30. p. 534. which took effect on the 1st of January 1820. The bond in question bears date on the 28th of December 1819, and of course was not taken under the provisions of that act. Preexisting laws, by which this case must be governed, though they required the sheriff to recommit the prisoner to jail at the expiration of the year, and subjected him to a fine for his failure to do so, did not prescribe any other condition of the bond than that the prisoner should not depart or go out of the rules or bounds of the prison.
Besides the objections to the bond presented by the demurrer to the first plea, that plea has been supposed *344 by the counsel for the defendant in error to be moreover defective, inasmuch as the prison rules for which bond was given, and to which the prisoner was admitted, are described in the plea as the prison rules and bounds for tjje county of Hardy, whereas the declaration and the J J plea itself shew that the execution against the prisoner issued upon a judgment of the superior court of that county. Whether this description in the plea, if we had nothing more to guide us, would be taken to mean the prison rules for the superior court, or for the county court of Hardy, we need not consider; for the bond itself being incorporated into the plea, and shewing upon its face that it was given for keeping the prison rules of the superior court of Hardy, the general description is thereby controlled and rendered specific, upon the authority of Meredith's adm'x v. Duval, above cited, in which a flagrant and otherwise fatal error in the declaration was cured by reference to the bond sued upon, which had been made part of the record by oyer thereof.
The question of the validity of the bond above considered, would also have been distinctly presented in another shape, by the demurrer of the defendants to the second breach in the plaintiff’s declaration, if the bond had been set forth in that breach, or made a part thereof by profert and oyer. That not being so, we can only look to the breach itself, for the purpose of ascertaining whether that part of the declaration be good upon a general demurrer. The voluntary escape therein charged is referred altogether to the taking of a bounds bond, therein alleged to be defective and erroneous, but of which no profert is made or particular description given, though it is alleged that in consequence of the erroneous and defective form of the bond, the relator could not recover his debt, but was cast in an action brought by him founded upon the bond. Now it will be observed that there is no averment that the bond was void in law, or that it was held to be so by any court of *345 competent jurisdiction. The substance of the allegation is that the relator was defeated in an action upon the bond ; but against whom the action was brought, in what court, or by what decision, if any, the relator was cast, is not averred. The relator’s failure in his action could not subject the sheriff to an escape, unless it was by the judgment of a court of competent jurisdiction, between proper parties, and upon the ground of the invalidity of the bond. None such is averred. It may be, for aught that appears, and as the pleadings in this cause would seem to indicate, that there was no escape from the bounds at all, and the relator may have been defeated on that very ground.
The foregoing views, if correct, serve to shew that the demurrer of the defendants to the second breach of the plaintiff’s declaration was properly, and the plaintiff’s demurrer to the first plea of the defendants improperly, sustained by the court. There ought, of course, to have been no judgment for the plaintiff.
The judgment rendered for the plaintiff' was moreover wrong, because the verdict did not expressly find that the prisoner escaped with the consent or through the negligence of the sheriff. Our statute concerning escapes is clear and explicit, that no judgment shall be entered against any sheriff in any suit brought upon the escape of any debtor in his custody, unless the jury who shall try the issue shall expressly find that the prisoner did escape with the consent or through the negligence of the sheriff, or that he might have been retaken, and that the sheriff neglected to make immediate pursuit. This peremptory mandate applies to all actions against the sheriff, and of course his sureties, of whatever nature or form, founded upon an escape; and if not strictly complied with, the defect cannot be supplied by any intendment or conclusion, in favour of a general verdict, from the pleadings or issue; as was held by this court in Hooe v. Tebbs, 1 Munf. 501.
*346 My opinion upon the whole case is, that the iudgment ot the circuit court ought to be reversed, the verdiet set aside, the plaintiff’s demurrer to the first plea overruled, and judgment rendered for the defendants.
The other judges concurred. Judgment reversed.